**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

EQUIPMENT RELOCATION SERVICES
INC,

        Plaintiff,

        v.

WOOLLEY TRUCKING LLC, et al.,

        Defendants.

CASE NO. 1:25-CV-416-CCB-SJF

**REPORT AND RECOMMENDATION**

Pending before the undersigned for a report and recommendation are three dismissal motions filed by each defendant in this case. 28 U.S.C. § 636(b)(1)(B); N.D. Ind. L.R. 72–1(b). The earliest filed motion is Defendant Woolley Trucking, LLC's ("Woolley Trucking") Motion for Partial Dismissal of the Complaint, filed on September 19, 2025, along with the memorandum in support of the partial dismissal motion. [DEs 12, 13]. Plaintiff timely filed its Response on October 10, 2025. [DE 14]. Woolley Trucking did not file a reply. Next, on October 17, 2025, Defendant Great West Casualty Company ("Great West") filed its Motion to Dismiss Plaintiff's Complaint along with its brief in support. [DEs 15, 16]. Plaintiff did not respond in opposition to Great West's motion or seek any extension of time to do so. Great West also did not file a reply. Finally, on October 20, 2025, Defendant Bennett International Logistics LLC ("Bennett Logistics"), filed its Motion for Partial Dismissal of the Complaint and Memorandum of Law. [DE 17].  Plaintiff timely responded on November 3, 2025. [DE 18]. Bennett

Logistics did not file a reply in support of its partial dismissal motion. Accordingly, these motions are ripe for ruling.

More recently, on April 23, 2026, Great West filed its Stipulation of Dismissal in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii), where it conveyed that all parties to this action stipulated to dismiss all claims against it in this case. [DE 21]. On May 20, 2026, the Honorable District Judge Cristal C. Brisco granted Great West's motion and denied its earlier motion to dismiss as moot. [DE 22]. Accordingly, the portion of the referral of Great West's dismissal motion to the undersigned in order to prepare a report and recommendation [DE 19] was vacated. [DE 22].

Woolley Trucking's and Bennett Logistics' motions remain. After reviewing the parties' motions, memoranda, Plaintiff's complaint, and relevant legal research, the undersigned recommends that Defendant's partial motions to dismiss be granted and that Counts II and III in Plaintiff's complaint against Woolley Trucking and Bennett Logistics be dismissed.

## I.     RELEVANT BACKGROUND

Plaintiff is a business that specializes in the resale of used industrial equipment that is utilized by various other businesses throughout multiple states. [DE 1 at 2, ¶¶ 8-9]. Around May 9, 2024, Plaintiff purchased a set of three silos that comprised an integrated system at auction in Michigan, which included a flour silo. [*Id.* at 2-3, ¶ 10]. Plaintiff contracted with Bennett Logistics in order to ship the silo to Plaintiff's principal place of business in Illinois via motor carrier. [*Id.* at 3, ¶ 14]. Bennett Logistics in turn hired motor carrier Woolley Trucking to deliver the silo to Illinois. [*Id.* at 3, ¶¶ 14, 15].

The silo was loaded onto Woolley Trucking's trailer, despite warnings from a third-party loading company that the trailer was too small to adequately secure and support the silo's weight. [*Id.* at 3-4, ¶¶ 18-19.] Later that day, the silo began to visibly buckle, due to the weight of the overhang off the trailer. [*Id.* at 4, ¶ 19]. Despite this damage, Woolley Trucking transported the silo, until the driver noticed that the buckling had visibly worsened. [*Id.* at 4, ¶ 21]. The driver stopped at a travel plaza near Warren, Indiana, where Bennet Logistics arranged to have the silo transferred to a stretch trailer with a length adequate to support its full length. [*Id.* at 4, ¶¶ 21-22].

The silo was then delivered to Plaintiff's principal place of business in Illinois, where it was deemed a total loss. [*Id.* at 4, ¶¶ 22-23]. As a result, the entire three-silo system was rendered valueless. [*Id.*].

Plaintiff brought its three-count complaint in order to recover the amount it expected to receive from the resale of the integrated three silo system. [*Id.* at 3-4, ¶¶ 12, 24]. Count I is brought against all defendants under the Carmack Amendment, 49 U.S.C. Section 14706. [*Id.* at 5-6]. Plaintiff also brings two common law claims against Defendants Woolley Trucking and Bennett Logistics:[1] breach of contract (Count II); and negligence (Count III).

Woolley Trucking moves to dismiss Counts II and III under Fed. R. Civ. P. 12(b)(6), based on its argument that they are completely preempted by the Carmack

---

[1] Great West also moved to dismiss Counts II and III to the extent that Plaintiff brought them against Great West. [DE 15 at 2, ¶¶ 4-5; DE 16 at 5-8]. As Great West is dismissed and because Plaintiff's complaint does not directly name Great West or bring allegations against it in these counts, the undersigned construes them as against Woolley Trucking and Bennett Logistics only.

Amendment. [DE 12 at 1]. Plaintiff does not argue otherwise; instead Plaintiff requests that the counts be dismissed without prejudice so that Plaintiff has the possibility of realleging its state law claims against Woolley Trucking if it denies being the carrier of the silo. [DE 14 at 2, ¶ 3]. Woolley Trucking has not answered Plaintiff's complaint.

Bennett Logistics also moves to dismiss Counts II and III under Fed. R. Civ. P. 12(b)(6), and argues that they are expressly preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 42 U.S.C. Section 14501(c)(1). [DE 17 at 1]. Plaintiff's response does not address Bennett Logistics' FAAAA preemption argument. [*See* DE 18]. Instead, Plaintiff casts Bennett Logistics' argument as being brought under the Carmack Amendment and requests that the counts be dismissed without prejudice so that Plaintiff has the possibility of realleging its state law claims against Bennett Logistics if it denies being the carrier of the silo. [DE 18 at 2, ¶ 3]. Bennett Logistics also has not answered Plaintiff's complaint.

## II.    LEGAL STANDARD

A complaint that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6), under which both defendants bring their partial dismissal motions, permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When determining whether dismissal is proper, the Court accepts all of the complaint's allegations as true and draws all reasonable inferences in Plaintiff's favor. *Bradley Hotel*

*Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021); *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010).

In order to survive a dismissal motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff must simply present a plausible—not probable—claim. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). "Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

### III.    ANALYSIS

A procedural issue must be addressed before turning to the substantive arguments brought by defendants. Both defendants bring preemption arguments under two different federal statutes. Preemption is an affirmative defense. *S.C. Johnson & Son, Inc. v. Transport Corp. of America, Inc.*, 697 F.3d 544, 547 (7th Cir. 2012). The party raising preemption bears the burden of showing that it applies. *Id.* "The Seventh Circuit, observing that 'plaintiffs have no duty to anticipate affirmative defenses,'" has held in most cases that the proper procedure for Defendants is to first raise "preemption as an affirmative defense and then move for judgment on the pleadings under Rule 12(c)." *Wardingley v. Ecovyst Catalyst Tech., LLC*, 639 F. Supp. 3d 803, 806 (N.D. Ind. Nov. 4, 2022) (quoting *S.C. Johnson & Son, Inc.*, 697 F.3d at 547; *Johnson v. Diakon Logistics*, No.

16-CV-06776, 2018 WL 1519157, at *3 (N.D. Ill. Mar. 28, 2018)). Here, neither Bennett or

Woolley Trucking followed the proper procedure, both opting instead to forego

answering until after their Rule 12(b)(6) partial dismissal motions were decided.

However, Plaintiff has not raised either defendants' procedural missteps as a defense to

either motion. Further, both Rule 12(c) and Rule 16(b)(6) motions are evaluated under

the same standard. *See Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014);

*Pisciotta v. Old Nat. Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). Finally, defendants'

procedural error is "of no consequence" if everything necessary to be able to rule on the

defense is before the Court. *Wardingley*, 639 F. Supp. 3d at 806 (quoting *Carr v. Tillery*,

591 F.3d 909, 913 (7th Cir. 2010)). Here, everything necessary for the Court to make a

decision is before it. Accordingly, both dismissal motions may be decided on "the

substance of the parties' briefing notwithstanding the hiccup in the procedural

posture." *Id.*

Preemption under the Carmack Amendment will now be addressed first and

preemption under the FAAAA will be addressed second, *infra*.

### a. Preemption Under Carmack Amendment

Woolley Trucking requests that Counts II and III be dismissed with prejudice

under the Carmack Amendment. The Carmack Amendment provides shippers with the

statutory right to recover for actual losses or injuries to their property caused by carriers

involved in the shipment. *See* 49 U.S.C. § 14706(a)(1); *Gordon v. United Van Lines, Inc.*,

130 F.3d 282, 285-86 (7th Cir. 1997) ("[T]he Interstate Commerce Commission

Termination Act of 1995, Pub.L. No. 104–88, 109 Stat. 803, amended and recodified this

provision of the Carmack Amendment at 49 U.S.C. § 14706(a)(1).”). In doing so, “[t]he Carmack Amendment generally preempts separate state-law causes of action” that may be brought against a carrier for lost or damaged goods. *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008) (citing *Adams Express Co. v. E.H. Croninger*, 226 U.S. 491, 505; *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1414 (7th Cir. 1987)). In some circumstances, the Carmack Amendment does not preempt common law remedies, like when “there are allegations of injuries separate and apart from those resulting directly from loss of shipped property.” *Mitsui Sumitomo Ins. Co. of Am. v. Basic Enter., Inc.*, Civil No. 1:14cv133, 2014 WL 4407645, at *2 (N.D. Ind. Sept. 8, 2014) (citing generally *Morris v. Covan World Wide Moving*, 144 F.3d 377 (5th Cir. 1998)).

Woolley Trucking argues that the negligence and breach of contract claims Plaintiff brought are preempted by the Carmack Amendment because Plaintiff attempts “to recover the same damages from the same alleged incident” where the silo was damaged while being transported from Michigan to Illinois. [DE 13 at 7]. Plaintiff does not dispute that the Carmack Amendment preempts its negligence and breach of contract claims against Woolley Trucking. *See* [DE 14]. Plaintiff’s complaint describes a single incident where the silo was damaged in transport and seeks to recover damages emanating from that trip. [DE 1 at 3-4, ¶¶ 17-23]. The complaint further does not bring allegations of injuries that are separate and apart from those resulting directly from the damage to the silo. Woolley Trucking was hired to transport the silo, and its trailer was used to transport the silo initially. [DE 1 at 3-4, ¶¶ 14, 18]. Therefore, the Carmack Amendment preempts Counts II and III from applying against Woolley Trucking.

Accordingly, the undersigned recommends that these counts against Woolley Trucking be dismissed.

### b. Preemption Under Federal Aviation Administration Authorization Act

Bennett Logistics also argues that Counts II and III are preempted and so should be dismissed with prejudice, but under the FAAAA. *See* 42 U.S.C. § 14501(c)(1).

"Congress enacted the FAAAA's preemption provision in 1994 with the aim of eliminating the patchwork of state regulation of motor carriers that persisted fourteen years after it had first attempted to deregulate the trucking industry." *Wardingley*, 639 F. Supp. 3d at 806 (quoting *Nationwide Freight Sys., Inc. v. Ill. Commerce Comm'n*, 784 F.3d 367, 373 (7th Cir. 2015)). Under the FAAAA's general preemption provision, no state "shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law" related to the prices, routes, or services of "any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1).

The first focus and best evidence of Congress' pre-emptive intent is found in the plain wording of the clause. *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013); *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993)). The plain wording of this subsection of the FAAAA demonstrates that the preemption is express. *Pearl Valley Farms, Inc. v. LS2C Logistics, Inc.*, Case No. 3:25-cv-50470, 2026 WL 396342, at *2 (N.D. Ill. Feb. 12, 2026). "Express preemption in this context has been interpreted to prohibit even indirect state law effects on motor carriers; rates, routes, and services." *Id.* (citing *Rowe v. N.H.*

*Motor Transport Ass'n*, 552 U.S. 364, 370 (2008); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 386 (1992)).

The scope of this FAAAA preemption generally[2] encompasses state tort claims. *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014). Further, "the statute's plain terms" cover any state common-law claims, so long as they relate to a price, route or service of motor carrier or broker. *Wardingley*, 639 F. Supp. 3d at 807. The broad preemptive scope of the FAAAA is undisputed where a state common law claim is related to any price, route, or service if it has "a connection with or reference to such a plan." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992).[3] Accordingly, so long as Plaintiff's breach of contract count relates to the price, route or service to be provided by Bennett Logistics, it is also preempted by the FAAAA.

Bennett Logistics is correct in its argument that Plaintiff's state-law claims seek to recover on claims related to damages accrued as a result of services with respect to the transportation of property, specifically the silo from Michigan to Illinois. Bennett Logistics also contends that it is incorrectly named as a motor carrier in the complaint, when it "acted as an interstate property broker in this instance." [DE 17 at 3 n. 3].

---

[2] The narrow exception courts have found concerning personal injury claims does not apply here. *See Wardingley*, 639 F. Supp. 3d at 810 (citing *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 644–45 (9th Cir. 2014)).

[3] In *Morales*, the Supreme Court interprets an identical preemption provision in the Airline Deregulation Act, the construction of which is consistent to the same provision in the FAAAA. "[T]he Supreme Court has generally taken the position that the statutes deregulating the airline industry and those deregulating the trucking industry should be construed consistently with one another." *S.C. Johnson & Son, Inc.*, 697 F.3d at 548; *see also id.* at 549–52 (construing key Supreme Court authorities). *See generally Rowe*, 552 U.S. at 367–70.

9

However, the difference does not change the application of the FAAAA here, as Bennett Logistics acknowledges, since the statute's preemption provision lists both motor carriers and brokers. 49 U.S.C. § 14501(c)(1). The complaint clearly outlines that Plaintiff contracted with Bennett Logistics to transport the silo and that Counts II and III relate to the performance of that contract and the damage to the silo. Bennett Logistics correctly argues that Plaintiff brings "two state-law claims to attempt to recover damages arising from the same operative facts and incident" where the silo was damaged in transit. [DE 17 at 9]. Plaintiff's response does not argue anything to the contrary. These counts are preempted by the FAAAA.

Accordingly, the undersigned recommends that these counts against Bennett Logistics be dismissed.

### c. Whether Dismissal with Prejudice is Proper

Plaintiff, in its responses to Woolley Trucking and Bennett Logistics, argues that dismissal should be without prejudice. The rationale that Plaintiff provides in both responses is that such dismissal would allow it to "reallege its state law claims after all Defendants have adequately responded and answered all allegations" so that Plaintiff may conduct discovery on these allegations. [DE 14 at 2, ¶ 3; DE 18 at 2, ¶ 3]. Plaintiff does not provide any legal support for why dismissal without prejudice would be proper here. To date, neither defendant replied.

Generally, leave to amend a pleading should be freely granted "when justice so requires." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962). However, leave should not be granted where amendment

would be futile. *Id.* Further, failure to respond to a party's argument in a dismissal motion risks forfeiture of those claims. *Boogard v. National Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018).

Woolley Trucking simply requests that Counts II and III should be dismissed against it with prejudice because they are completely preempted by the Carmack Amendment, but offers no legal rationale as to why dismissal with prejudice is proper. [DE 13 at 1]. Plaintiff requests that "to the extent that it remains possible that Woolley Trucking may deny the allegations as being the carrier of the goods" dismissal be without prejudice. [DE 14 at 2, ¶ 3]. Plaintiff's request also lacks legal support.

However, the distinction of whether Woolley Trucking is or is not the carrier of goods does not make a difference as to whether preemption under the Carmack Amendment applies, because the harm to Plaintiff results directly from damage to shipped property. *Mitsui Sumitomo Ins. Co. of Am. v. Basic Enterprises, Inc.*, Civil No. 1:14cv133, 2014 WL 4407645, at *3 (N.D. Ind. Sep. 8, 2014) (citing *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1424 (7th Cir. 1987). "Federal common law remedies are preempted by the Carmack Amendment, unless there are allegations of injuries separate and apart from those resulting directly from the loss of shipped property." *Id.* at *2 (citing *Morris v. Covan World Wide Moving*, 144 F.3d 377 (5th Cir. 1998)). Plaintiff has not brought any allegations that are separate and distinct from the damage its silo sustained in transport. Therefore, dismissal with prejudice is proper based on preemption.

Bennett Logistics, however, did argue in its partial dismissal motion that Counts II and III should be dismissed with prejudice, since it would be futile for Plaintiff to reallege them under the text of the FAAAA. [DE 17 at 9]; *see Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Plaintiff's response does not address the FAAAA, so it has forfeited any argument that dismissal without prejudice is proper here. *Boogard v. National Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018).

Accordingly, dismissal of Counts II and III against Woolley Trucking and Bennett Logistics should be with prejudice.

### IV.    CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Court's referral on December 10, 2025 [DE 19], the undersigned **RECOMMENDS** that Woolley Trucking's and Bennett Logistics' motions to dismiss Count II and Count III of Plaintiff's Complaint be **GRANTED with PREJUDICE**. [DEs 12, 17].

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 21st day of May 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge